IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACKSON COUNTY EMPLOYEES'  ) | |
| RETIREMENT SYSTEM, et al.,   ) | |
|                              ) | |
|   Plaintiffs,                ) | |
|                              ) | NO. 3:18-cv-01368 |
| v.                           ) | |
|                              ) | JUDGE CAMPBELL |
| CARLOS GHOSN, et al.,        ) | MAGISTRATE JUDGE NEWBERN |
|                              ) | |
|   Defendants.                ) | |

## MEMORANDUM

Pending before the Court are Defendant Nissan Motor Co., Ltd.'s ("Nissan") Motion for Partial Reconsideration or Certification for Interlocutory Appeal of the Court's December 29, 2020 Order (Doc No. 147) and Defendant Carlos Ghosn's ("Ghosn") Motion for Certification of Interlocutory Appeal. (Doc. No. 151). Plaintiffs filed Responses in Opposition (Doc. Nos. 155, 156), and Defendants filed Replies (Doc. Nos. 157, 165). Nissan also filed a Notice of Supplemental Authority. (Doc. No. 189). For the reasons discussed below, Defendants' motions will be **DENIED**.

### I.     PROCEDURAL BACKGROUND

On August 5, 2019, Ghosn moved to dismiss the claims against him and Nissan moved to dismiss the claims brought against it under the Financial Instruments and Exchange Act of Japan ("FIEA") for lack of personal jurisdiction. (*See* Doc. Nos. 77, 68).[1] The Court, in its discretion, exercised pendent jurisdiction over Nissan with respect to the FIEA claims. (*See* Doc. No. 136 at 11-14). The Court also determined that it has personal jurisdiction over Ghosn. (*Id*. at 19-24).

---

[1] Ghosn also moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, and Nissan also moved to dismiss the FIEA claims on the basis of *forum non conveniens* and international comity. (*See id*.).

On January 12, 2021, Nissan filed the pending Motion for Partial Reconsideration or Certification for Interlocutory Appeal of the Court's December 29, 2020 Order (Doc No. 147). On January 19, 2021, Ghosn filed the pending Motion for Certification of Interlocutory Appeal (Doc. No. 151) with respect to the same Order.

## II. STANDARDS OF REVIEW

### A. Rule 54

While the Federal Rules of Civil Procedure do not to explicitly address motions to reconsider interlocutory orders, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Thus, district courts may "afford such relief from interlocutory orders as justice requires." *Id*. (quoting *Citibank N.A. v. FDIC*, 857 F. Supp. 976, 981 (D.D.C. 1994)) (internal brackets omitted). This standard "vests significant discretion in district courts." *Id*. at 959 n.7. Courts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

### B. Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Review under Section 1292(b) "should be sparingly applied" and "is to be used only in exceptional cases." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013); *see also In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) ("[A]n interlocutory appeal from a denial of a motion to dismiss should not be granted cavalierly."). "The burden of showing exceptional circumstances justifying an interlocutory appeal rests with the party seeking review." *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013). "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Lofgren v. Polaris Indus. Inc.*, --- F. Supp. 3d ---, 2021 WL 1022751, at *2 (M.D. Tenn. Mar. 16, 2021) (citation omitted).

### III. ANALYSIS

**A. Motion to Reconsider**

In support of its partial motion to dismiss for lack of personal jurisdiction, Nissan submitted that "[t]he exercise of pendent personal jurisdiction is a matter of discretion" and argued that the Court "should decline to exercise pendent jurisdiction" because: (1) the class size for the FIEA claim would be larger than the class size for the Exchange Act claims, (2) the FIEA claim involves unsettled issues of Japanese law, and (3) it would be unfair for Nissan to defend claims based on Japanese securities traded on the Tokyo stock exchange and that arise under Japanese law. (*See* Doc. No. 105 at 10-15; Doc. No. 125 at 2-4). The Court, in its discretion, decided to exercise pendent jurisdiction over Nissan with respect to the claims under FIEA. (*See* Doc. No. 136 at 11-14). In the motion for reconsideration, Nissan contends that the Court's ruling was in error and raises new arguments regarding the validity and application of pendent personal jurisdiction in the present case. Generally, courts will not reconsider a decision based on arguments not presented by

3

a party in its prior motion. *See Al-Sadoon v. FISI\*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 901-02 (M.D. Tenn. 2002). The Court does not find cause to do so here.

In its remaining arguments, Nissan does not identify an intervening controlling decision or newly discovered evidence not previously available. Instead, it argues that "unique features of this case – which the Court's decision does not directly address – render the exercise of pendent personal jurisdiction clear error." (Doc. No. 148 at 16). Specifically, Nissan contends that "although the Court acknowledged [its] argument that 'the class size for the FIEA claim would be much larger than that for the Exchange Act claim', [the Court] did not explain why the exercise of pendent personal jurisdiction is nonetheless appropriate" and that the Court "did not discuss the impact of [the foreign nature of the FIEA claims] on the pendent personal jurisdictional analysis." (*Id*. at 18-20).

While the Court's prior Order and Memorandum may not have specifically discussed each of the points raised in Nissan's motion, the Court carefully considered each of the arguments made when deciding to exercise pendent personal jurisdiction and does not now find cause to reconsider that decision. *See, e.g., D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (upholding a district court's denial of a motion for reconsideration because "although [the district court] did not specifically discuss each of the [movant's] arguments ... it did consider them when concluding that his claims lacked merit").

**B. Motions for Interlocutory Appeal**

In its Motion, Nissan requests that the Court certify its decision to exercise pendent personal jurisdiction over Nissan with respect to the FIEA claims for interlocutory appeal. (Doc. No. 148 at 8). Ghosn "seeks certification to resolve the legal question of what suffices to show specific personal jurisdiction in the globalized context of the Internet –specifically, whether the

4

[facts of the present case] suffice[] to show (1) that [] Ghosn purposefully availed himself to the exercise of specific jurisdiction in the United States, (2) that this cause of action arose from [] Ghosn's contacts in the United States, (3) that the exercise of jurisdiction is reasonable under these circumstances and is therefore appropriate under the constraints of the Due Process Clause." (Doc. No. 152 at 5-6) ("Ghosn seeks interlocutory review of a purely legal question of whether the exercise of personal jurisdiction is constitutional in these circumstances.").

1. Controlling Question of Law

"As many cases recognize, there are actually two requirements within what this Court (and most others) has labeled as § 1292(b)'s first element: (1) The question involved must be one of law; and (2) It must be controlling." *Lofgren*, 2021 WL 1022751, at *3 (quoting *U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 865 (S.D. Ohio 2012)). "A legal issue is controlling if it could materially affect the outcome of the case. A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (internal citation omitted).

With respect to Nissan, the Court agrees that the Order addressed a controlling question because the Court would lack personal jurisdiction over one set of Plaintiffs' claims against Nissan if the Sixth Circuit were to decide that the pendent personal jurisdiction doctrine does not exist or apply. However, the Court is not convinced that the application of pendent personal jurisdiction in this case is conducive with review of an isolated legal question. *See id*. The Court considered the particular facts and circumstances in this case, judicial economy, convenience, and fairness to litigants to determine, in its discretion, to apply pendent personal jurisdiction. Any review of the Court's decision would be highly fact intensive and would likely require review of how the Court weighed the various considerations in reaching its conclusion. *See DRFP, LLC*, 945 F. Supp. 2d

5

at 918 ("Interlocutory appeals are intended for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.").

With respect to Ghosn, the Court agrees that the Order addressed a controlling question since all claims against Ghosn would be dismissed if the Sixth Circuit found personal jurisdiction should not be exercised over him. The question is not one purely of law because the Court applied the law to the particular facts in this case to determine that Ghosn had minimum contacts to warrant the Court's exercise of specific personal jurisdiction over him. *See Lofgren*, 2021 WL 1022751, at *4 n.6 (citing *Singh v. Rosen*, 984 F.3d 1142, 1148 (6th Cir. 2021) (describing a mixed question of law and fact as "the application of a legal standard to settled facts")).[2] The Court finds that Ghosn has not met the first requirement. *See U.S. ex rel. Elliott*, 845 F. Supp. 2d at 864 ("§ 1292(b) is not appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts.").

    2. <u>Substantial Ground for Difference of Opinion</u>

"District courts in this circuit have interpreted a substantial ground for difference of opinion ... regarding the correctness of the decision to mean when (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Lofgren*, 2021 WL 1022751, at *5 (quoting *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)). "Simply because a court decides a novel issue or a question of first impression does not mean there is substantial ground for difference of opinion concerning the correctness of

---

2     "This is true even if the facts are generally undisputed." *Id*.

the ruling. Serious doubt as to how an issue should be decided must exist in order for there to be substantial ground for difference of opinion." *Id.* (citation omitted).

The Court does not find that any of the situations described in *Miedzianowski* apply. The correct legal standard is clear enough, and this is not a case of first impression within this Circuit. *See, e.g.*, *J.M. Smucker Co. v. Promotion in Motion, Inc.*, 420 F. Supp. 3d 646, 659 (N.D. Ohio 2019) (applying pendent personal jurisdiction); *Capitol Spec. Ins. Corp. v. Splash Dogs, LLC*, 801 F. Supp. 2d 657, 668 (S.D. Ohio 2011) (same); *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 730 F. Supp. 2d 683, 694 (W.D. Ky. 2010) (the claim over which pendent jurisdiction is asserted must share a "common nucleus of operative fact" with some claim over which personal jurisdiction is otherwise proper); *Jude v. First Nat. Bank of Williamson*, 259 F. Supp. 2d 586, 596-97 (E.D. Ky. 2003) (applying pendent personal jurisdiction).[3]

The cases Nissan cited from within this Circuit as having questioned the existence and scope of pendent personal jurisdiction, (*see* Doc. No. 148 at 10 n.1, 16-17, 23), did not have jurisdiction based on a nationwide service of process provision or federal question jurisdiction as in the present case or are otherwise distinguishable. *See Wiggins v. Bank of Am., N. Am.*, 488 F. Supp. 3d 611, 624-25 (S.D. Ohio 2020) (declining to apply pendent jurisdiction because "the precedent for applying pendent jurisdiction in diversity cases is weak at best") (citing *Bilek v. Burris*, 2010 WL 4629616, at *7 (E.D. Ky. Nov. 8, 2010) (noting that pendent jurisdiction is most often utilized in cases where jurisdiction is based on a nationwide service of process provision not a state long-arm statute)); *Maclin v. Reliable Reps. of Texas, Inc.*, 314 F. Supp. 3d 845, 849-51 (N.D. Ohio 2018) (holding that *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017) divested the court of specific jurisdiction over the FLSA claims of

---

[3]  *In re Regions Morgan Keegan ERISA Litig.*, 741 F. Supp. 2d 844, 849 (W.D. Tenn. 2010) ("At least fourteen district courts in this Circuit have addressed this issue. It is not one of first impression.").

non-Ohio plaintiffs); *Musto v. Zaro*, 2018 WL 1565604, at *3 (S.D. Ohio Mar. 30, 2018) (pendent jurisdiction was not at issue; jurisdiction based on Ohio's long-arm statute and no federal question); *Bd. of Forensic Document Examiners, Inc. v. Am. Bar Ass'n*, 2017 WL 549031, at *6 (W.D. Tenn. Feb. 9, 2017) (pendent personal jurisdiction was not at issue; court lacked specific jurisdiction over the defendant as to each claim asserted against it); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 2017 WL 11552971 (E.D. Mich. Apr. 19, 2017) (jurisdiction based on California's long-arm statute and no federal question); *Kondash v. Kia Motors Am., Inc.*, 2016 WL 11246421, at *5-7 (S.D. Ohio June 24, 2016) (jurisdiction based on Ohio's long-arm statute and no federal question).[4] The Court finds that Nissan has not met the second statutory consideration.

---

[4] The cases Nissan cited from outside this Circuit are also distinguishable. *See Carter v. Ford Motor Co.*, No. 19-62646-CIV, 2021 WL 1165248, at *14–15 (S.D. Fla. Mar. 26, 2021) ("in the absence of a statute or Federal Rule that authorizes nationwide service of process, this Court must enforce the Florida long-arm statute…. since the long-arm exercise here has nothing to do with the Fifth Amendment, it doesn't implicate the hypothetical scenario the Court "le[ft] open" at the end of *Bristol-Myers*. *Bristol-Myers* thus squarely forecloses the Plaintiffs' pendent-party personal-jurisdiction arguments here."); *Story v. Heartland Payment Sys., LLC*, 461 F. Supp. 3d 1216, 1231–32 (M.D. Fla. 2020) ("named non-resident plaintiffs have not met their burden of demonstrating that the Court can exercise personal jurisdiction over … a non-resident defendant[] in this diversity suit as to their claims, which do not arise in Florida."); *Int'l Union, United Mine Workers of Am. v. CONSOL Energy, Inc.*, 465 F. Supp. 3d 556, 580-81 (S.D.W. Va. 2020) (declining to exercise pendent personal jurisdiction where federal claim which formed basis for exercising pendent personal jurisdiction was itself subject to dismissal); *Moore v. Cecil*, 488 F. Supp. 3d 1144, 1160 (N.D. Ala. 2020) ("Eleventh Circuit law on the issue is sparse, but the rule appears to be that 'personal jurisdiction over one individual claim cannot be expanded to cover other related claims unless the claims 'arose from the same jurisdiction generating event.'") (quoting *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. Appx. 779, 788 (11th Cir. 2014)); *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 478 (W.D. Va. 2019) (jurisdiction based on Virginia's long-arm statute and no federal question); *Horowitz v. AT&T Inc.*, 2018 WL 1942525, at *11-16 (D.N.J. Apr. 25, 2018) ("Because Larson and Pollard's claims relate to their employment, the facts giving rise to their claims in this circumstance could not have arisen in New Jersey. For that reason, there is no specific jurisdiction as to their claims against SERVICES and MOBILITY."); *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 871 (N.D. Ill. 2017) (jurisdiction based on the Class Action Fairness Act and no federal question); *Demaria v. Nissan N. Am., Inc.*, 2016 WL 374145, at *8 (N.D. Ill. Feb. 1, 2016) ("Here, the FAC does not assert a single claim in which there is nationwide personal jurisdiction, nor is it clear from the allegations that the claims of the out-of-state plaintiffs, as presently pled, arise out of a common nucleus of operative fact."); *MG Design Assocs., Corp. v. Costar Realty Info., Inc.*, 224 F. Supp. 3d 621, 628 (N.D. Ill. 2016) (pendent jurisdiction was not at issue; found that Defendant possessed sufficient minimum contacts to authorize specific personal jurisdiction, but plaintiff failed to adequately allege federal claim). The Second, Third, Fourth, Seventh, Ninth, Tenth, and D.C. Circuits have all recognized pendent personal jurisdiction explicitly. *See, e.g.*, *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 123 (3d Cir. 2020) ("This Court recognized the notion of pendent personal jurisdiction more than forty years ago in *Robinson v. Penn Central Co.*, 484 F.2d 553 (3d Cir. 1973)."); *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004); *United States v. Botefuhr*, 309 F.3d 1263, 1272–75 (10th Cir. 2002); *Robinson Eng'g Co. Pension Plan and Trust v. George*, 223 F.3d 445, 449–50 (7th Cir. 2000); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 628–29 (4th Cir. 1997); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056–57 (2d Cir. 1993); *Oetiker v. Jurid Werke, G.m.b.H.*, 556 F.2d 1, 5 (D.C. Cir. 1977). While the Eleventh, Fifth, and First Circuits have not yet expressly ruled on pendent personal jurisdiction, *see,*

8

Ghosn asserts that there is substantial ground for difference of opinion as to the correctness of the Court's prior Order because whether the exercise of personal jurisdiction over him is constitutional under the facts of this case is a complex issue of first impression in an area of the law that is continually evolving. (Doc. No. 152 at 6-9; Doc. No. 165 at 3-5). Ghosn offers no conflicting precedent or other cases that were decided differently, and instead focuses on the fact that the Sixth Circuit has not addressed the personal jurisdiction issue in a like case. Although the facts of this case may be novel or complex, the correct legal standard for determining whether to exercise personal jurisdiction over a defendant is well established. *See Lofgren*, 2021 WL 1022751, at *5 n.8 ("This case is a 'first' in that it is surely the first case to apply that settled legal standard to the very specific facts at hand here. But that is not what is meant in this context by 'case of first impression,' which refers to a first vetting of a legal issue and not the first vetting of particular facts."). Accordingly, the Court finds that Ghosn has not met the second statutory consideration. *See id*. at *5 (citing *Gieringer v. Cincinnati Ins. Cos.*, 2010 WL 2572054, at *3 (E.D. Tenn. June 18, 2010) ("the element of 'substantial ground for difference of opinion' requires

---

*e.g.*, *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013) ("If the forum's long-arm statute provides jurisdiction over one claim, the district court has personal jurisdiction over the entire case so long as the claims arose from the same jurisdiction generating event.") (citing *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993)); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006) (plaintiff bringing multiple claims that arise out of different forum contacts must establish specific jurisdiction for each claim); *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999) ("Questions of specific jurisdiction are always tied to the particular claims asserted."), district courts in those circuits have adopted and applied pendent personal jurisdiction. *See, e.g.*, *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 700 (E.D. Tex. 2020) ("When a court has personal jurisdiction over the defendant on one claim, the court can exercise pendent personal jurisdiction over the same defendant on all other claims arising out of the same nucleus of operative fact.") (citations omitted); *JMF Med., LLC v. Team Health, LLC*, 490 F. Supp. 3d 947, 972 (M.D. La. 2020) (applying pendent personal jurisdiction); *D'Jamoos v. Atlas Aircraft Ctr., Inc.*, 669 F. Supp. 2d 167, 174-75 (D.N.H. 2009) (same); *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 784 (N.D. Tex. 2008) ("Although the Fifth Circuit has not yet addressed this doctrine of federal common law, the Tenth Circuit has noted that every circuit court to decide the issue has approved pendent personal jurisdiction. * * * The court therefore concludes that, if Rolls–Royce's remaining claims arise out of the same nucleus of operative fact as its RICO claims, it is within the court's discretion to exercise pendent personal jurisdiction over them."); *see also Elandia Int'l, Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1341 (S.D. Fla. 2010) (applying pendent personal jurisdiction).

more than mere disagreement with the district court's decision or an assertion that such decision was incorrect; rather, there must be genuine doubt as to the correct legal standard.")).

### 3. Materially Advance Ultimate Termination of Litigation

"The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." *Lofgren*, 2021 WL 1022751, at *6 (citation omitted). "The moving party satisfies the third requirement where the resolution of a controlling legal question would avoid trial, as well as when it would otherwise substantially shorten the litigation. In other words, an interlocutory appeal materially advances litigation when it saves judicial resources and litigant expense." *Id*.

Although resolution of the pendent personal jurisdiction issue could potentially result in the dismissal of the FEIA claims, Nissan would still have to defend the Exchange Act claims that arise from the same facts. If unsuccessful, such an interlocutory appeal would no doubt cause delay to this action. Under these circumstances, it appears that proceeding in this Court is likely to result in a more efficient resolution of this case.

As for Ghosn, it is true that dismissal of all claims against him for lack of personal jurisdiction would save him the time and expense of trial. But the claims asserted against Ghosn are the same as those asserted against multiple defendants such that litigation will be conducted in substantially the same manner regardless of the court's decision. *See In re City of Memphis*, 293 F.3d at 351 ("[W]hen litigation will be conducted in substantially the same manner regardless of the court's decision, the appeal cannot be said to materially advance the ultimate termination of the litigation."). Therefore, the parties have not met the third statutory consideration.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE