IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACKSON COUNTY EMPLOYEES' RETIREMENT SYSTEM, et al., </br></br>Plaintiffs,</br></br>v.</br></br>CARLOS GHOSN, et al.,</br></br>Defendants. | NO. 3:18-cv-01368</br></br>JUDGE CAMPBELL</br>MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM

Pending before the Court is Defendant Joseph G. Peter's ("Peter") Motion for Judgment on the Pleadings. (Doc. No. 179). Plaintiffs filed a Response in opposition (Doc. No. 186), and Peter filed a Reply (Doc. No. 188). For the reasons discussed below, the motion will be **DENIED**.

### I. PROCEDURAL BACKGROUND

On December 29, 2020, the Court denied Peter's Motion to Dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). On March 5, 2021, Peter filed the pending motion for judgment on the pleadings because the United States Securities and Exchange Commission ("SEC") issued findings, subsequent to the filing of the Amended Complaint, that Peter was deceived by defendants Carlos Ghosn and Greg Kelly. (*See* Doc. No. 180 at 7).

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). "In reviewing a motion for judgment

on the pleadings, we construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). "Judgment on the pleadings is proper 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

In ruling on a motion under Rule 12(c), the court may look only at the "pleadings." *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018). The term "pleadings" includes both the complaint and the answer, Fed. R. Civ. P. 7(a), and "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). "But the Court also may consider … documents referenced in the pleadings that are 'integral to the claims,' [*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007)], [and] documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 589 (E.D. Mich. 2018). Additionally, the Court may take judicial notice of pertinent matters of public record. *See Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (citing *Commercial Money Ctr.*, 508 F.3d at 336 ("A court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment.")).

### III. ANALYSIS

Peter attached the following documents as exhibits to the pending motion as well as his answer: (1) the SEC's September 23, 2019 "Order Instituting Cease-And-Desist Proceedings Pursuant To Section 21C Of The Securities Exchange Act Of 1934, Making Findings, And Imposing A Cease-And-Desist Order" (Doc. Nos. 181-1, 169-1); (2) the SEC's federal complaint, dated September 23, 2019, against Ghosn and Kelly in the Southern District of New York (Doc. Nos. 181-2, 169-2); (3) the SEC's September 23, 2019 press release (Doc. Nos. 181-3, 169-3); and (4) the SEC's January 15, 2020 "Order Instituting Administrative Proceedings Pursuant To Rule 102(e) Of The Commission's Rules Of Practice, Making Findings, And Imposing Remedial Sanctions" (Doc. Nos. 181-4, 169-4).

Although Peter attached these documents to his answer, they do not appear to qualify as "written instrument[s]" within the meaning of Rule 10(c). *See* Fed. R. Civ. P. 10(c). "A 'written instrument' within the meaning of Rule 10(c) is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement. The documents that satisfy this definition consist largely of documentary evidence, specifically contracts, notes, and other writings on which a party's action or defense is based." *Cote v. Newrez, LLC*, 2021 WL 1840563, at *3 (M.D. Tenn. May 7, 2021) (quoting *Steverson v. Walmart*, 2019 WL 3822179 at *2 (M.D. Tenn. Aug. 15, 2019) (finding a document attached to the complaint that did not evidence legal rights or duties or give formal expression to any legal act or agreement was not a "written instrument" for purposes of Rule 10(c)) (citing *Benzon v. Morgan Stanley Dist., Inc.*, Case No. 3:03-cv-0159, 2004 WL 62747 (M.D. Tenn. Jan. 8, 2004)). The Amended Complaint, filed on May 6, 2019, does not reference any of these

documents, (*see* Doc. No. 58),[1] nor do any of the documents govern plaintiffs' rights. *See Commercial Money Ctr.*, 508 F.3d at 335-36; *Weiner*, 108 F.3d at 89.

"A court may take judicial notice of documents of public record and what they say, but it '[cannot] consider the statements contained in the document for the truth of the matter asserted.'" *Platt*, 894 F.3d at 245 (quoting *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014)).[2] Here, it is not the existence of the documents that Peter seeks for the Court to acknowledge; rather he asks the Court to rely on findings within those documents as true:

- "the non-culpable inference supported by … the SEC's findings that [] Peter himself was deceived in connection with the scheme alleged in the Amended Complaint." (Doc. No. 179 at 1).

- "The findings and allegations in the SEC's Cease and Desist Order and Complaint further weigh against any notion of recklessness by [] Peter by identifying at least three specific instances where the fraudsters affirmatively lied to [] Peter to prevent his oversight and controls from discovering anything that would suggest the need for further investigation. . . . those specific examples identified by the

---

[1] Peter asserts that the Amended Complaint "alleges and relies on the SEC's investigation" in paragraph 55. (Doc. No. 180 at 17). Paragraph 55 of the Amended Complaint alleges as follows:

> On January 27, 2019, *Bloomberg* reported that Nissan was also being investigated by the U.S. Securities and Exchange Commission (the "SEC"), which is "examining whether Nissan's executive-pay disclosures were accurate and whether the carmaker had adequate controls to prevent improper payments" and the SEC's inquiry "is focused on whether lapses by Nissan in reporting on its executives' pay violated U.S. securities law." In response to questions, Nissan confirmed that they had "received an inquiry [from the Securities and Exchange Commission] and said [they] are cooperating fully."

(Doc. No. 58 ¶ 55).

[2] "Federal Rule of Evidence 201 allows a court to take notice of facts not subject to reasonable dispute." *In re Omnicare*, 769 F.3d at 467; *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) ("courts do not take judicial notice of documents, they take judicial notice of facts. The existence of a document could be such a fact, but only if the other requirements of Rule 201 are met.") (internal citations omitted); *Cary v. Cordish Co.*, 731 F. App'x 401, 407 (6th Cir. 2018) ("the court can take judicial notice of 'a fact that is not subject to reasonable dispute,' either because the fact 'is generally known within the trial court's territorial jurisdiction,' or it 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201).

> SEC support the inference that [] Peter properly executed his duties but was deceived by others in the course of performing those duties." (Doc. No. 180 at 25).
>
> - "The SEC's findings confirm that this is not a case of mere ignorance on [] Peter's part; he was actively misled." (*Id*. at 27).

This request "runs afoul of the rule that notice of public documents is 'proper only for the fact of the documents' existence, and not for the truth of the matters asserted therein.'" *Platt*, 894 F.3d at 245 (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)); *see, e.g., In re Unumprovident Corp. Sec. Litig.*, 396 F. Supp. 2d 858, 877-78 (E.D. Tenn. 2005) ("[Defendants] are asking the Court to take judicial notice of certain facts and use those facts to diminish whatever inference of scienter might be supported by [Plaintiff's] allegations. Absent a specific statutory command to the contrary, the Court cannot do this without converting Defendants' motion into one for summary judgment.").

Accordingly, for purposes of the instant motion, the Court will not consider the SEC's "Order Instituting Cease-And-Desist Proceedings Pursuant To Section 21C Of The Securities Exchange Act Of 1934, Making Findings, And Imposing A Cease-And-Desist Order" (Doc. Nos. 181-1, 169-1); the SEC's federal complaint in the Southern District of New York (Doc. Nos. 181-2, 169-2); the SEC's press release (Doc. Nos. 181-3, 169-3); or the SEC's "Order Instituting Administrative Proceedings Pursuant To Rule 102(e) Of The Commission's Rules Of Practice, Making Findings, And Imposing Remedial Sanctions" (Doc. Nos. 181-4, 169-4). *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006) ("The district court remains free to refuse to accept materials outside the pleadings in order to keep the motion under Rule 12(c) ....") (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1371 (3d ed. 2004)).

5

## A. Count I – Section 10(b)

Peter argues that he is entitled to judgment on Count I (violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5) because the Amended Complaint fails to allege facts giving rise to an inference that he acted with scienter that is at least as compelling as the non-culpable inference supported by the SEC's findings that he was deceived in connection with the alleged scheme and the fact that the SEC chose not to prosecute him. Peter's motion as to Count I will be denied because his argument relies entirely on documents the Court has excluded from consideration in evaluating his motion.

## B. Count II – Section 20(a)

Peter argues that he is entitled to judgment on Count II (violation of Section 20(a) of the Securities Exchange Act of 1934) because the Amended Complaint fails to allege that he "culpably participated" in Nissan's alleged primary violation of Rule 10b-5. (Doc. No. 180 at 27-28). Peter did not argue that "culpable participation" was an element of a Section 20(a) claim in his motion to dismiss, (*see* Doc. No. 69 at 31-32; Doc. No. 105 at 27), nor has the Sixth Circuit held that "culpable participation" is an element of a Section 20(a) claim. (*See* Doc. No. 180 at 27-28; Doc. No. 188 at 7). The Court declines to revisit its control person liability analysis. Peter's motion as to Count II will also be denied to the extent it relies on documents the Court has excluded from consideration. (*See* Doc. No. 180 at 29 ("where the SEC has issued findings that [] Peter was deceived by high-ranking agents of the controlled entity (Nissan) in the course of performing his CFO duties, Plaintiffs cannot plead 'control' within the meaning of Section 20(a).")).

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE