IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACKSON COUNTY EMPLOYEES' ) <br> RETIREMENT SYSTEM, et al., ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> CARLOS GHOSN, et al., ) <br>   ) <br>   Defendants. ) | NO. 3:18-cv-01368 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM

Pending before the Court is a Motion for Entry of Contribution Bar Order filed by Defendants Nissan Motor Co., Ltd. ("Nissan"), Hiroto Saikawa, and Joseph G. Peter. (Doc. No. 245). Defendants Carlos Ghosn and Greg Kelly filed responses in opposition. (Doc. Nos. 255, 257). Nissan, Mr. Saikawa, and Mr. Peter filed a reply. (Doc. No. 259). Mr. Ghosn subsequently withdrew his opposition. (*See* Doc. No. 263). On September 19, 2022, the Court heard oral argument on the motion. For the reasons set forth below, the motion will be granted.

### I. PROCEDURAL BACKGROUND

This is a securities class action brought by Jackson County Employees' Retirement System and Providence Employees Retirement System (collectively "Plaintiffs") against Nissan, Mr. Ghosn, Mr. Kelly, Mr. Saikawa, Mr. Peter, and Hiroshi Karube. (Doc. No. 58). Mr. Karube was dismissed for lack of personal jurisdiction in December 2020. (*See* Doc. No. 136 at PageID # 2603; Doc. No. 137). On September 27, 2021, Nissan and Plaintiffs jointly moved to stay all deadlines in anticipation of forthcoming stipulation of settlement that would resolve all claims. (Doc. No. 226). The Court granted the motion on September 29, 2022. (Doc. No. 227).

According to their seven status reports, Nissan and Plaintiffs negotiated and worked toward resolution of a stipulation of settlement over the next seven months. (*See* Doc. Nos. 230, 233-238). On April 22, 2022, Plaintiffs filed a Motion for (i) Preliminary Approval of Settlement; (ii) Class Certification for Settlement Purposes; and (iii) Approval of Notice to Class (Doc. Nos. 239) and a Stipulation of Settlement (Doc. No. 241). None of the Defendants responded to Plaintiffs' motion. (*See* Doc. No. 242). The Stipulation of Settlement proposed a payment of $36 million to resolve this securities class action against all Defendants. (*See generally* Doc. No. 241; *see also* Doc. No. 240 at PageID #3817). The Stipulation of Settlement was entered into by Plaintiffs (on behalf of themselves and each Class Member), Nissan, Mr. Saikawa, and Mr. Peter. (Doc. No. 241). Pursuant to the Stipulation of Settlement, the term "Settling Defendant Parties" does not include Mr. Ghosn or Mr. Kelly. (Doc. No. 241 ¶ 1.26). As used in the Stipulation of Settlement, the terms "Settling Defendant Party" or "Settling Defendant Parties" "mean Defendants Nissan, Hiroto Saikawa, and Joseph Peter." (*See id*.). By Order entered on May 26, 2022, the Court preliminarily approved the settlement. (Doc. No. 243).

On August 15, 2022, Plaintiffs filed their Motion for (1) Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (2) an Award of Attorneys' Fees and Expenses. (Doc. No. 247). On the same day, Nissan, Mr. Saikawa, and Mr. Peter filed the pending motion, requesting that the Court enter an order barring future claims for contribution arising out of this action by any person against the three of them because they are the only "settling covered person[s]" in this action under 15 U.S.C. § 78u-4(f)(7)(A)(i). Nissan, Mr. Saikawa, and Mr. Peter further request that the Court's order not bar them from bringing future claims for contribution arising out of this action against Mr. Ghosn and Mr. Kelly because their settlement with Plaintiffs extinguishes Mr. Ghosn's and Mr. Kelly's liability under 15 U.S.C. § 78u-4(f)(7)(A)(ii). Mr. Kelly

opposes the motion on the basis that he is also a "settling covered person" entitled to an order barring future claims for contribution arising out of this action by any person against him under 15 U.S.C. § 78u-4(f)(7)(A)(i).

## II. LAW AND ANALYSIS

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that:

> A covered person who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons. Upon entry of the settlement by the court, the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action. The order shall bar all future claims for contribution arising out of the action—
>
> i. by any person against the settling covered person; and
>
> ii. by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person.

15 U.S.C. § 78u-4(f)(7)(A)(i)-(ii). Under the PSLRA, the term "covered person" means, as relevant here, "a defendant in any private action arising under this chapter." *Id*. at § 78u-4f(10)(C)(i). Here, there is no dispute that Nissan, Mr. Saikawa, Mr. Peter, Mr. Ghosn and Mr. Kelly are all "covered person[s]" under the PSLRA. *Id*. Nor is there a dispute that Nissan, Mr. Saikawa, and Mr. Peter are "settling covered person[s]" in this action.

As noted above, the only dispute is as to whether Mr. Kelly is a "settling covered person" in this action such that he is entitled to an order barring Nissan, Mr. Saikawa, and Mr. Peter from suing him for contribution towards the $36 million settlement amount. (*See* Doc. No. 257 at PageID # 4438). Mr. Kelly does not dispute that Plaintiffs, Nissan, Mr. Saikawa, and Mr. Peter executed a Stipulation of Settlement to which he is not a party. Nor does Mr. Kelly dispute that his liability in the present matter will be extinguished by that Stipulation of Settlement executed

3

by Nissan, Mr. Saikawa, and Mr. Peter. Mr. Kelly does not claim to have participated in the Stipulation of Settlement executed by Nissan, Mr. Saikawa, and Mr. Peter. Nor does Mr. Kelly dispute that he has not executed a settlement stipulation with Plaintiffs. (*Id*. at 23 n.4). Rather, Mr. Kelly argues that he is a "settling covered person" under Section 78u-4(f)(7)(A)(i) because Sompo Japan Insurance Inc. ("Sompo") – the insurer providing coverage under Nissan's directors, officers, and company liability insurance policy under which Mr. Kelly, Mr. Saikawa, and Mr. Peter are insureds – *might* contribute money towards the settlement amount that Nissan, Mr. Saikawa, and Mr. Peter stipulated to. (*See id*. at PageID # 4438, 4444; *see id*. at PageID # 4456 ("Here, Mr. Kelly would be a critical participant and contributor to the overall proposed settlement if the Policy ultimately contributes to the settlement."); *see also* Doc. Nos. 257-2, 258).

Mr. Kelly has not cited any authority supporting the entry of a bar order for a defendant who will receive a release and be dismissed from the action but who has no certainty as to whether an insurance policy will contribute to the settlement amount on their behalf. *See Rieckborn v. Velti PLC*, No. 13-CV-03889-WHO, 2015 WL 468329, at *14 (N.D. Cal. Feb. 3, 2015) ("It is undisputed that the settlement fund will be financed by insurance providers on behalf of Velti and all directors and officers named in the action. ... Further, while the Overseas Defendants have not personally contributed to the fund, the insurers have contributed on their behalf—in precisely the same way the insurers have contributed on behalf of the Settling Defendants."). While Mr. Kelly contends the ongoing negotiations between Nissan and Sompo is no basis to conclude that Sompo has not committed to contributing towards the settlement amount, the Court is unpersuaded.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE